IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 19-03084-08-CR-S-MDH |
| JOHNATHON W. ARNOLD, | ) ) ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION

Before the Court is Defendant's Motion for Leave to File the Motion to Suppress Out of Time. (Doc. 332.) In accordance with 28 U.S.C. § 636(b) and Local Rule 72.1, this action was referred to the undersigned to prepare a report on all pretrial motions. As follows, it is **RECOMMENDED** that the motion for leave be **DENIED**.

### I. Background

On October 14, 2020, Defendant filed a motion to suppress, seeking to exclude "any evidence obtained from the illegal detainment and subsequent search of . . . D[efendant] and his vehicle" on November 30, 2017, in Springfield, Missouri.[1] (Doc. 333.) On the same date, Defendant filed the Motion for Leave at issue, seeking leave to file the aforementioned motion to suppress out of time. In the Motion for Leave, defense counsel Stuart Huffman states that he was "hired after the time frame had run out for motions to be filed," that "counsel received partial discovery and recently was provided with all discovery," that "[s]uch oversight was not the fault of the Government," and that "counsel was unable to visit [Defendant] due to COVID-19." (Doc. 332.) On November 2, 2020, the undersigned conducted a hearing on the Motion for

---

[1] The motion to suppress was untimely and was filed without leave to do so. Accordingly, it was denied without prejudice. (Doc. 334.)

Leave. (Doc. 340.) The Government appeared by Assistant United States Attorney Jessica R. Sarff and Defendant appeared in person with Mr. Huffman. *Id*. At the hearing, Mr. Huffman clarified that as a result of an internal processing issue at his office, he could not access the discovery relevant to the November 2017 incident at issue in the motion to suppress. (Doc. 342 at 4, 13-14.) Defense counsel acknowledged, however, that the Government was not at fault, having provided full discovery in a timely manner. *Id.*

## II. Findings of Fact

On June 12, 2019, Defendant was charged by Indictment in three counts, including Count 6 for possession with intent to distribute fifty grams or more of methamphetamine on or about November 30, 2017. (Docs. 9 at 4 and 342 at 12, 14.) Defendant made his initial appearance on July 1, 2019 (doc. 110), and attorney Darryl Brent Johnson was appointed to represent him. (Doc. 111.) On July 8, 2019, Defendant was arraigned (doc. 124), and on the same date, the undersigned issued a Scheduling and Trial Order (doc. 125 ¶ VI(A)) which set a clear and unambiguous deadline of July 29, 2019, for any relevant pretrial motions, including motions to suppress.[2]

Two days later, on July 10, 2019, the Government provided to Mr. Johnson initial discovery, including all reports and documentation relating to the November 2017 incident. (Docs. 337 at 2 and 342 at 2-3, 15, 19.) On November 8, 2019, Mr. Huffman entered his appearance as Defendant's new counsel (doc. 197), and thereafter, the Government provided the same discovery to Mr. Huffman on November 13, 2019. (Docs. 337 at 2 and 342 at 3-6, 13.) On July 14, 2020, Defendant moved for and was granted a continuance to negotiate a plea agreement with the Government. (Docs. 313 and 314.) On September 18, 2020, Mr. Huffman notified the

---

[2] The Scheduling and Trial Order states, "[o]n or before twenty days from the date of this order, the parties shall file any relevant pretrial motions." *Id.* Given that the Order was issued on July 8, 2019, the pretrial motion deadline was therefore, July 29, 2019.

2

Government that he may not have all the reports associated with Defendant's case, and the Government provided the same discovery, as provided on November 13, 2019, to Mr. Huffman again. (Docs. 337 at 2 and 342 at 5, 15.)

On October 14, 2020, Defendant filed the aforementioned motion to suppress (doc. 333) and the Motion for Leave at issue (doc. 332), which the undersigned promptly set for hearing. In the proposed motion to suppress (doc. 333), Defendant claims that on November 30, 2017, officers performed a "pretextual" traffic stop of his vehicle "without observing criminal activity or a traffic violation" and thus, the stop and subsequent search of his vehicle was unreasonable under the Fourth and Fourteenth Amendments. *Id.* at 1, 4-5. Defendant seeks suppression of "all observations made, statements made, and evidence obtained pursuant to the search and seizure." *Id.* at 1.

At the hearing, Mr. Huffman acknowledged that he had received the discovery, including the evidence relevant to the November 2017 incident, from the Government in November 2019 and again in September 2020. (Doc. 342 at 5, 8, 11, 13-14.) In regards to why the motion to suppress was not filed in a timely manner, Mr. Huffman stated that the deadline for pretrial motions had passed by the time he entered the case, to which the Court indicated that even if Mr. Huffman had received twenty additional days after he received discovery to file pretrial motions, the motion to suppress would be several months past that deadline as well. *Id.* at 7-8. Mr. Huffman conceded that "November of 2019 to March of 2020 . . . should have been a time frame where [he] . . . realized [he] was missing" part of the discovery, noting that when he got involved in the case he "may have been in a glut of cases," and unfortunately, placed Defendant's case "on the back burner a little bit." *Id.* at 8, 11. He further explained that because the parties were

3

close to a good faith resolution of the case, he did not believe it was appropriate to consider a motion to suppress. *Id.* at 8-9.

After the plea negotiations ended unsuccessfully, Defendant "was insistent . . . [to] proceed with a motion to suppress." *Id.* at 10. Mr. Huffman indicated that Defendant had heard that a co-defendant, Chandler Roberts, had filed a motion to suppress, acknowledging, however, that Mr. Roberts' issue is independent and separate from Defendant's. *Id.* Mr. Huffman stated he advised Defendant, "we were out of time and that we had filed a motion for leave" to file the motion to suppress out of time. *Id.* The Government rested primarily on the legal arguments in its briefing but emphasized: Defendant "is only charged with two substantive counts. The most serious of those substantive counts, which is reflected in the plea negotiations and potential plea agreements that were provided, the most significant incident is this November 2017 incident that is the subject of the motion to suppress." *Id.* at 14. AUSA Sarff added that, Mr. Huffman was certainly aware of the November 2017 incident since "[i]t [wa]s the primary basis for any and all negotiations." *Id.* at 15. Based on questioning from the Court, both parties affirmed that all discovery relevant to the November 2017 incident had been provided at the inception of the case to Mr. Johnson and then to Mr. Huffman, and that no supplemental discovery was added. *Id*. at 5, 8, 11, 13-14.

### III. Conclusions of Law

Motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3)(C). The court may set a deadline for pretrial motions. FED. R. CRIM. P. 12(c). However, the court may still consider an untimely pretrial motion "if the party shows good cause." FED. R. CRIM. P. 12(c)(3); see also *United States v. Reichel*, 911 F.3d 910,

4

916 (8th Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019). Good cause is a "flexible standard that requires consideration of all interests in the particular case." FED. R. CRIM. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011). Notably, "[t]he desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause." *Id.* at 698. Furthermore, a court may deny a pretrial motion in limine as untimely "on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress." *Id*.

Upon review, the undersigned finds that Defendant has failed to show cause to consider his untimely motion to suppress. Here, the Motion for Leave was filed fourteen and half months after the deadline to file pretrial motions, and the Government provided all relevant discovery to Defendant by July 10, 2019. The suppression issue Defendant seeks to raise is neither complex nor novel, and all of the facts alleged in the proposed motion to suppress were within his knowledge at the time of his arraignment. Despite the availability of the relevant discovery, Defendant chose not to raise this claim by the July 29, 2019 deadline, and he did not request an extension of such deadline, or otherwise move for leave to file the motion to suppress out of time while he was represented by Mr. Johnson for four months, until December 2019.

One principal reason for Defendant's motion for leave appears to be that he is now represented by a different attorney. However, "[t]he desire to suppress incriminating evidence and *the retention of new counsel* are not by themselves sufficient to establish good cause." *Trancheff*, 633 F.3d at 698 (emphasis added). The case of *United States v. Salgado-Campos* offers further guidance. In *Salgado-Campos*, counsel for the defendant moved to extend the

5

deadline to file pretrial motions, citing as grounds his recent retention and his desire to file a motion to suppress certain incriminating evidence. *United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006). The motion was filed three months after the pretrial motion deadline set by the court, nearly two months after newly retained counsel had entered the case, and there "was no showing that the government failed to disclose pertinent information" before the deadline passed. *Id*. at 686. The trial court denied the motion, and the Eighth Circuit affirmed, holding the explanation that counsel's request for an extension came "as soon as he might have been expected to have been apprised of the substantial issues for suppression in the case" failed to show good cause. *Id*.

In this matter, Mr. Johnson was appointed as Defendant's first counsel on July 1, 2019, and relevant discovery was made available to Defendant by July 10, 2019. The deadline for pretrial motions was set as July 29, 2019. Approximately three months later, on November 8, 2019, Mr. Huffman was retained as defense counsel, and the relevant discovery was made available by November 13, 2019. Over eight months later, on June 14, 2020, Defendant moved for and was granted a continuance to negotiate a plea agreement. Defendant then waited three more months to raise the instant challenge, totaling eleven months since Mr. Huffman was appointed, and approximately fifteen months since Defendant was arraigned and discovery was initially provided. As in *Salgado-Campos*, the deadline for pre-trial motions here had already passed when Defendant retained Mr. Huffman as counsel, and Defendant agrees that the government disclosed the pertinent discovery in a timely fashion.

The other reasons given for this delay—that there was an internal office processing error at counsel's office, that counsel "may have been in a glut of cases" and placed Defendant's case "on the back burner," and that parties were close to a good faith resolution of the case—are also

6

insufficient to establish cause.  Moreover, that Defendant heard leave was granted to a co-defendant does not establish good cause because the consideration is based on the interests of each particular case.  *See* FED. R. CRIM. P. 12(c)(3) advisory committee note to 2014 amendments.  Furthermore, that counsel has been unable to visit Defendant due to COVID-19 is similarly unpersuasive, considering that no motion to suppress nor motion for leave to file out of time was filed between July 10, 2019, when Defendant initially received relevant discovery, and March 2020, when COVID-19 concerns arose.  Here, Defendant simply chose not to move to suppress for fifteen months, eleven of which Mr. Huffman was his counsel, and under these circumstances, the undersigned finds that Defendant has failed to show cause for the untimeliness.

As discussed, good cause requires a movant show "both cause and prejudice." *Fogg*, 922 F.3d at 391.  Since the undersigned concluded that Defendant failed to show cause, the analysis may end there.  However, the undersigned notes that Defendant may have failed to show prejudice as well.  Here, Mr. Huffman stated that since the parties were close to a good faith resolution of the case, he did not believe it was appropriate to consider a motion to suppress.  He further indicated that Defendant and the Government had been in negotiations for a plea agreement for several months, having requested a continuance in July 2020 for that exact reason.  Mr. Huffman also explained that Defendant insisted on pursuing an untimely motion to suppress after he heard a co-defendant had been granted leave to do so.  The Government clarified that the November 2017 incident at issue in the motion to suppress formed the primary basis for any plea negotiations, and thus, Mr. Huffman was aware of such incident, whether he was able to access the discovery or not.  Based on these assertions, the Court can assume that not pursuing a motion to suppress was a strategic decision by counsel, and that likely, neither Mr. Huffman nor Mr.

7

Johnson sought suppression in a timely manner because the suppression issues were of questionable merit. Accordingly, the undersigned cannot find that Defendant has shown he would be prejudiced by denying leave to file the proposed motion to suppress out of time.

## IV. Recommendation

Based on the foregoing, the undersigned concludes that Defendant has not shown good cause for his failure to timely raise this suppression issue. Therefore, it is **RECOMMENDED** that Defendant's Motion for Leave to File Out of Time be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: November 10, 2020