IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-03084-08-CR-S-MDH |
| ) | |
| JOHNATHAN W. ARNOLD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Johnathan W. Arnold's Motion for Severance and Motion in Opposition to Continuance. (Doc. 445.) For the reasons set forth below, the Motion will be **DENIED**.

**I. Background**

On June 12, 2019, a twenty-three count Indictment was returned against fourteen individuals (including Defendant) charging crimes related to the distribution of methamphetamine. (Doc. 9.) On June 10, 2020, a thirty-three count Superseding Indictment was returned against six individuals (including Defendant) charging crimes related to the distribution of methamphetamine. (Doc. 289.) Specifically, Defendant is charged in three counts: one count of conspiracy to distribute 50 grams or more of methamphetamine, beginning on an unknown date, but as early as November 22, 2016 and continuing to on or about September 26, 2018, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; and two counts of knowingly and intentionally possessing, with the intent to distribute, 50 grams or more of methamphetamine on or about November 30, 2017, and September 26, 2018, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Id.* at 2-3, 4, 8.

On July 8, 2019, Defendant was arraigned, and a Scheduling and Trial Order was entered. (Docs. 124, 125.) At that time, the case was set on the joint criminal docket commencing on October 28, 2019. (Doc. 125.) In July 2021, the case was continued to the joint criminal trial docket commencing on December 6, 2021, prior to which the case had been continued five times, once based on the motion of Defendant. (Docs. 156, 286, 313, 314, 368, 385.)

On November 1, 2021, a codefendant filed another motion to continue, requesting the case be continued to the joint criminal docket commencing March 21 2022, because counsel for the codefendant was recently appointed and awaiting discovery from the Government, and thus, required additional time to review discovery with the codefendant and prepare a defense. (Doc. 441.) The Court granted the continuance the same day, noting that absent extraordinary circumstances, no further continuances would be granted. (Doc. 442.) On November 2, 2021, Defendant filed the instant motion, requesting a severance, or in the alternative, that the trial remain on the December trial docket, citing his counsel's unavailability for trial setting in March 2022. (Doc. 445.)

**II.     Discussion**

In his Motion, Davis argues that (1) Defendant is ready to proceed to trial for the joint criminal trial docket commencing on December 6, 2021 and the recent continuance to the March 21, 2022 trial setting, would violate his right to a speedy trial; (2) the jury will be unable to compartmentalize the evidence as relates to him because the spillover effect of the evidence against codefendants will be highly and unfairly prejudicial; and (3) the failure to sever will lead to a violation of his Sixth Amendment rights to confront the witnesses against him. *Id.* at 2-4.

Rule 8(b) of the Federal Rules of Criminal Procedure establishes the requirements for joinder of offense or defendants in the same indictment. Defendants may be charged together "if

they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id.* Rule 14(a) permits the court to order severance, even though joinder is otherwise proper under Rule 8, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

"The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989). To that end, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" unless the benefits are outweighed by a clear likelihood of prejudice. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials are favored because "[t]rying codefendants together not only conserves scarce time and resources, but also gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation marks and citation omitted).

Nonetheless, the Court may sever trials "upon a showing of real prejudice to an individual defendant." *United States. v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010); *Zafiro*, 506 U.S. at 539 (stating that severance should be granted "under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"). A defendant may show real prejudice to his right to a fair trial by demonstrating "(a) his defense is irreconcilable with that of his co[]defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) (alteration and citation omitted); *see also Hively*, 437 F.3d at 765 (explaining that [p]rejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the

separate defendants because of a "prejudicial spillover effect."). The defendant carries a heavy burden of showing that severance is mandated. *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). In the undersigned's view, this is not that rare case.

Defendant argues that the jury will be unable to compartmentalize the evidence as relates to him because of the prejudicial spillover effect. (Doc. 445 at 3.) In support, Defendant alleges that all the defendants, including him, are charged with conspiracy to distribute methamphetamine, but that "there is not evidence that [Defendant] was involved with . . . anyone else named in the conspiracy to distribute drugs" and any "[s]uch evidence is minimal and it is extremely likely that [Defendant] will be prejudiced by going to trial or waiting for trial with the remaining co[]defendants." *Id.* Further, Defendant argues that he will be unable to confront co-defendants about possible recordings of codefendants that the Government may offer into evidence.

The Court finds Defendant has not met his burden of showing that severance is mandatory. First, while Defendant alleges insufficient evidence for the conspiracy charge, the issue of the sufficiency of the evidence is taken up at trial, not prior to trial. Fed. R. Crim. P. 29(a); *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). Notably, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *United States v. Willis*, 940 F.3d 1136, 1139 (8th Cir. 1991). And, the general rule is that "persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *Mueller*, 661 F.3d at 347 (8th Cir. 2011). Lastly, Defendant fails to establish that his defense is irreconcilable with the defense of his codefendants or that a jury would be unable to

compartmentalize the evidence as it relates to separate defendants. Based on the foregoing, the Court concludes that severance is not necessary, and that any potential for prejudicial spillover can be resolved by jury instructions. *See United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009).

In the alternative, Defendant requests that the motion for continuance should be denied and the trial remain on the December trial docket. Since the continuance has already been granted, the Court will construe such as a motion for reconsideration. The Court notes that Defendant's right to a speedy trial is not violated because of a codefendant's motion to continue. *United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir. 2003); *United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985). To the extent defense counsel's schedule conflicts with the current trial setting in March 2022 due to other pending trials, thus not permitting sufficient time to adequately prepare or properly assist Defendant, a continuance to a more suitable trial setting may be requested.

Accordingly, Defendant's Motion to Sever and Motion in Opposition to Continuance (doc. 445) are **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: November 5, 2021